**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 23-00197-08 |
| VERSUS | JUDGE S. MAURICE HICKS, JR |
| TY METOYER (08) | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Before the Court is a "Motion to Apply Methamphetamine Mixture Guidelines" (Record Document 730) filed *pro se* by Ty Metoyer ("Metoyer"). Relying upon United States v. Dereck Celestin, Jr., No. 21-125, 2023 WL 2018004 (E.D. La. Feb. 15, 2023), Metoyer asks this Court to apply the methamphetamine mixture guidelines to his case, thereby resulting in a downward variance. Metoyer also asks the Court to apply the methamphetamine mixture guidelines to all cases, regardless of whether a defendant asks for such relief.

In January 2025, Metoyer entered a plea of guilty to one count of conspiracy to distribute and possess with intent to distribute methamphetamine. See Record Documents 545 & 547. He was sentenced in July 2025 and did not file a direct appeal. See Record Documents 698-700 & 705. At sentencing, the court applied the actual methamphetamine Guidelines. See Record Document 636.

In Celestin, the defense asked the court to reject the actual methamphetamine Guidelines on policy grounds. See id. at *1. The day before the sentencing hearing, the district court granted the defense motion and the Court further held:

> The Court will apply the methamphetamine mixture Guidelines to all methamphetamine cases moving forward, regardless of whether the defendant requests the Court to do so.

Id. at *5.  The Celestin decision was rendered by a district judge in the Eastern District of Louisiana and is not binding on this Court.  Additionally, it is unclear if Metoyer is attempting to file a Motion for Compassionate Release on the bases that the rejection of the actual methamphetamine Guidelines on policy grounds constitutes an extraordinary and compelling circumstance.   Yet, a defendant cannot use a motion for compassionate release "to challenge the legality or the duration of his sentence" or "to correct sentencing errors."  United States v. Escajeda, 58 F.4th 184, 187 (5th Cir. 2023).  For these reasons, Metoyer's motion must be **DENIED**.

    **IT IS SO ORDERED.**

    **THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 15th day of October, 2025.

_____
United States District Judge